OPINION of the Court, by
Judge Logan.
The appellants, by their guardian, exhibited their bill hi chancery against the administrators of their father’s estate, praying a discovery of the amount that had come to their hands, and a decree fur so much as they are entitled to.
The administrators in their answer exhibited an inventory of the estate with its appraisement, amounting to £. 139, on the 9th of October, 1788. They also produced a settlement with commissioners appointed for that purpose, which was returned to, and approved by the county court on the 10th of February 1806 ; in which they are charged with the amount of £. 476 2, and credited by £. 476 17, leaving a balance of 15,s. in favor of the administrators.
In this settlement the maintenance of the appellants forms a material Hern ; the correctness of which, both in fact and upon principle, becomes a proper subject of inquiry. But tire principles upo» which this case ought to be settled will be better understood by considering, first, the estate and profits thereof justly chargeable to the administrators; and secondly, the credits to which the}!are equitably entitled.
Their intestate died possessed of two negro boys’ who were appraised to £. 75, which constitutes a par1 of the £.139 before mentioned. The administrators sold one oi those boys : but the estate was not so indebted as t® require the sale. It becomes, therefore, a question at what period to fix his value, and whether hireage or interest thereon is the proper measure.
The counsel for the appellees contended that his value at the time of the sale, with interest thereon from that period, is the proper criterion; and in support of this position he cited the case oi a covenant to pay a negro and a failure to perform, in which the rule of damages is the value of the slave, with interest on that sum from the time of the breach.
In the case cited, the injury acorues upon the failure to perform the contract. The amount of the injury is the value ef the #ave. 'And the withholding that sum *189 from the person entitled thereto, is fay law a benefit to the one, and a consequent loss to the other, of six per cent, per annum on the amount. But in the case under consideration the heirs or distributees are entitled to the slave himself as against the administrators : but if the slave could not be had, owing to the conduct of the administrators, then they are entitled to his value in lieu of him. The appellees were no more liable for the slave or his value upon the sale of him, than they were before and since that time. It would therefore be as arbitrary as it would be unjust to fix on that moment as the period for ascertaining his value. Unless debts against the estate excuse the sale of slaves, it is unwarranted by law, and ought not to be encouraged by settling a principle which would tempt the sale of them by administrators from speculative and improper views.
We are therefore of opinion, that the heirs and dis-tributees are entitled to the value of the negro at the time of pronouncing the final decree. But if he shall have died, or become useless from infirmity before that period, that then they are entitled to the anjiount of the sum for which the administrators sold him. That they are also entitled to a customary hireage, for the slaves from year to year, in the neighborhood of the appellees’ residence. And that they are entitled to interest on the balance of the appraisement at the rate of five per cent, per annum from the 9th day of October 1788 until the 26th day of April 1798, the commencement of the act authorising six per centum, and at the rate oí six per cent, per annum from that time. This, however, would be. subject to control by the particular circumstances of the case, as a lending of money before the passage of the act, and which did not become due until after it was in force.
It remains to consider the credits to which the ap-pellees are equitably entitled.
This will embrace the debts and necessary expenses of the estate ; the widow’s proportion, being one third, of the personal estate, after paying those debts and expenses ; her third of the amount for the hireage of the. slaves, as well as of their value during her life ; the education ol the appellants, and their necessagy clothing support and maintenance; provided those expenses of the heirs did not exceed the profits of the estate in the *190 sáme year*, unless it was accessary from sickness or u*« avoidable and charitable purposes.
But the heirs ought only to be charged for boarding and clothing during the periods they were at school, and: their actual inability, from infancy or indisposition, to support themselves by their own labor. If they labored for the appellees sufficiently to clothe and maintain themselves, they ought not to be charged for their clothing and maintenance ; and if they did not thus earn their support, and were able to have done so, it was the duty of the appellees, as their natural guardians, to have made them, do itand for their improper indulgence ia idleness, the appellees ought not to receive a. credit against their estate.
We are moreover of opinion, that the appellees ought not to have a credit against the appellants on account of Elizabeth, daughter of the said administratrix. The same tie of natural justice which bound Stephen Hen-ning, as the husband, of his wife, to. maintain her infant, child, born before his intermarriage, and not recognized as his child, would equally apply to Conner, her second husband, after his intermarriage ; and Henning’s estate cannot be chargeable therewith.
Upon the whole, we are of opinion that the cause, ought to be remanded to the circuit court, that the said court may appoint commissioners to settle the accounts between the parties, conformable to the foregoing opinion, and make report thereof to the said circuit court, who are hereby directed'to enter a decree thereon, not inconsistent with tire principle» herein contained-. And it is further decreed and ordered, that the decree of the circuit court be reversed’ and set aside ; and that the appellees pay to the appellant his costs herein expendeds%