CASE 38—PETITION ORDINARY—MARCH 11.

## Williams v. L. & N. R. R. Co.

APPEAL FROM TAYLOR CIRCUIT COURT.

1. RAILROADS—STARTING OF TRAIN—NECESSARY INCIDENT.—More or less jerking in getting under way is an incident to the management of almost all trains, and especially mixed freight and passenger trains; and although the jerking may be unusual and violent it will not amount to gross negligence so as to authorize recovery by an employe, who is injured thereby, it being one of the ordinary risks belonging to his employment, and which he assumed when entering the service.

2. EVIDENCE—EXPERT TESTIMONY.—Experience by one in the management of a stationary engine will not make him a competent witness to testify as to the effect a locomotive would have in setting a train of cars in motion.

J. M. WOOD AND S. A. RUSSELL FOR APPELLANT.

1. The plaintiff is not barred from recovering damages on account of the want of care on his part, which want of care was produced by the defendant's own wrong. Thompson on Negligence, 1173; Pa. R. R. Co. v. Ogier, 35 Pa. State, 60; 78 Am. Decs., 322); Fowler v. R. R. Co. 85 Am. Decs., 701; Lawson's Rights, Remedies and Practice, vol. 3, sec. 1201.

2. To justify the withdrawal of a case from the jury the facts should not only be undisputed, but the conclusions to be drawn from them indisputable; if different minds may honestly draw different conclusions therefrom, the case should properly be left to

Williams v. L. & N. R.·R. Co.

the jury.  Pittsburg, &c., R. R. Co. v. Lewis, 18 Ky. Law Rep., 957.

3. The question whether an injury is a proximate result of the defendant's negligence, and 'whether the plaintiff's negligence contributed directly or proximately to the injury received, are always proper questions for a jury, and should never be disposed of by the court without the jury's intervention.    'Lawson's Rights, Remedies and Practice, vol. 3, sec. 1215 and notes.

W. C. McCHORD for appellee.

1. Trains can not be operated, and especially trains made up of both passenger and freight cars. without jerking, and a train employe assumes such risks when he enters the service.

2. It was necessary for the plaintiff to establish gross negligence of his fellow employes before he could recover, as he assumed the ordinary risks of his employment.  L. & N. R. R. Co. v. Brantley's Admr. 16 Ky. Law Rep., 696; Voltz v. C. & O. R. R. Co., 15 Ky. Law Rep., 727.

3. It is not in evidence as to whether any of the employes on the train at the time of the accident were superior to appellant; the court can not judicially know that a conductor or engineer is superior to a flagman or a brakeman.

4. Brakesmen assume risks from jerking motion of trains.  Elliott on Railroads, vol. 3, secs. 1289 and 1290; Bailey's Master and Servant, pp. 145, 178 and 180 and authorities there cited.

5. One employe can not recover for the ordinary negligence of another employee who is his superior; nor can an employe recover for ordinary or gross negligence of a fellow servant.  L. & N. R. R. Co. v. Brantly, 96 Ky., 229; Voltz v. C. & O. R. R. 'Co., 95 Ky., 188; Avery & Son v. Meek, 96 Ky., 709.

6. The plea of contributory negligence is not inconsistent with the denial of negligence, the defendant 'had the right to rely on both pleas.  Wright v. Cincinnati, &c., R. R. Co., 94 Ky., 114; Am. & Eng. Enc. of Law, vol. 4, page 17; Cooley on Torts, p. 674; Beach on Contributory Negligence, p. 37.

H. W. BRUCE and JOHN McCHORD of counsel on same side.

JUDGE DuRELLE delivered the opinion of the court.

Appellant brought suit averring that, while in the discharge of his duties as flagman on a train of appellee, the

employes of appellee, superior to him, and operating the train, with gross negligence jerked it so suddenly and violently that he was thrown off and injured, to his damage, etc. Being required to make his petition more specific, by stating what employe superior to him caused the train to jerk, he amended, alleging that the conductor, engineer and fireman in charge of the train at the time of the injury were superior in grade to him, and one or the other of them caused the jerk complained of, but he did not know which. The material averments of the petition were traversed and contributory negligence pleaded.

It appears from the evidence introduced by appellant that the train, which was a mixed train of some nine or ten freight cars and two passenger cars, had made a stop at Spurlington, for the purpose of unloading some freight; that the conductor and Williams had participated in the unloading; that the train being behind time, the conductor had given the signal to go ahead, and that appellant, after closing the door of the freight car, which was near the head of the train, had waited, moving toward the rear of the train, until the hindmost car, which was a passenger car, came abreast of him, before attempting to board the train, though he states that he could have safely gotten upon one of the freight cars. In attempting to get on the front platform of the rear car of the train, which was going quite rapidly—probably, from the testimony, as fast as from fifteen to eighteen miles an hour—he had gotten his feet upon the lowest step and had grasped the hand rails with both hands when, as he states, by a violent and unusual jerk, he lost his hold,

first of one hand and then of the other, and in falling was struck on the head by the boxing of the axle, fracturing his skull and causing various other injuries.

His claim is, that he was safely upon the step of the car platform when he was thrown off by the jerking of the train, but it is evident from his own statement that he was in the act of getting upon the car, and that he boarded it when it was going at a rate of speed so fast that he must, or at least should, have known it was dangerous to make the attempt, having been acting as brakeman or flagman of appellee company for some five or six years. He understakes to justify his action in waiting for the rear car, when he might readily have boarded one of the other cars before the train got in rapid motion, by claiming that it was his duty to board that car, under the rules of the company; but the rules as introduced in evidence do not justify his claim. His station, when not otherwise employed, was upon the rear platform of the rear car, but the same rules provide for his assisting in unloading freight, and contain a distinct and emphatic warning against getting on the cars while in motion.

It is conceded by his counsel that his right to recover must be based upon gross negligence, and, while we are of opinion that, under the circumstances proved in this case, his own negligence in boarding a car of a rapidly moving train, especially when he might have boarded one of the cars at the forward part of the train while going at a low rate of speed, was the proximate cause of his injury, but for which it would not have occurred, we are further of opinion, giving the fullest weight to his state-

ments, and those of his witnesses as to the unusually violent nature of the jerk, that it was not shown to be the result of gross negligence on the part of the employes in charge of the train. More or less jerking in getting under way is an incident to the management of almost all trains, and especially so of a mixed freight and passenger train, and, conceding that the jerking was unusual and violent, we do not think that, under the circumstances shown by the record in this case, it amounted to gross negligence, but that it was one of the ordinary risks belonging to such employment, and which he assumed when entering the service. (L. & N. R. R. Co. v. Brantley's Admr., 96 Ky., 229; Voltz v. C. & O. R. Co., 95 Ky., 188.) The record shows no evidence from which we are authorized to infer that the jerking was caused by gross negligence of the employes managing the train.

This being our view of the facts as shown by this record, the peremptory instruction for appellee was proper, and it is unnecessary to consider the question of pleading raised by appellee's counsel.

Another objection urged by appellent is, that he was not permitted to testify that the jerk which caused his injury was unnecessary, he having stated that he had handled an engine, though never a locomotive. This testimony, which was clearly in chief, if admissible at all, was offered upon the second recall of appellant, and was clearly inadmissible, as experience in the management of a stationary engine could not possibly afford information as to the effect a locomotive would have in setting a train of cars in motion.

Judgment affirmed.